Samuel J. Johnson v. Commissioner.
Johnson v. Commissioner
Docket No. 110461.
United States Tax Court
1943 Tax Ct. Memo LEXIS 264; 2 T.C.M. (CCH) 233; T.C.M. (RIA) 43275; June 8, 1943
*264 Michael Halperin, Esq., for the petitioner. P. J. Cavanaugh, Esq., for the respondent. LEECH Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent determined a deficiency in income taxes against petitioner for the calendar year 1940 in the amount of $3,128.56. Certain issues raised by the pleadings were stipulated. The only issue submitted here is whether the respondent erred in denying the deduction of $5,861.56 as interest. The proceeding was submitted on a stipulation of facts, together with other evidence. Such of the stipulated facts as are not herein specifically found are included by reference. Findings of Fact The petitioner is an individual residing at U.S. Route No. 25, West Chester, Ohio. He filed his Federal income tax return for the calendar year 1940 with the Internal Revenue Office of the Cincinnati Division, at Cincinnati, Ohio. On October 28, 1933, the Mutual Life Insurance Company of New York (hereinafter called the "Company") issued an insurance policy to petitioner on his life on the ordinary life basis, in consideration of his paying a premium of $2,575 annually beginning October 28, 1933. The policy contained the following: Section 4. Privilege *265 of Change to Other Forms of Policy. Provided this Policy is in full force and no premium is in default and provided the Insured has not attained the age of fifty-five years, this Policy may be exchanged, without medical examination, for a premium paying policy without Double Indemnity and Waiver of Premium, issued by the Company at the date of this Policy, on either the Limited Payment Life or the Endowment Insurance Plan, and of the same date, face amount, and age of the Insured as this Policy. The new policy will be at the rate of premium in force for such a policy at the date of this Policy. To make such exchange this Policy must be surrendered for rewriting and there must be paid to the Company the differences in premiums with interest from their respective due dates at the rate of six per cent a year compounded annually. Allowance will be made for any larger dividends on the new plan. On December 10, 1940, under the foregoing provision, petitioner exchanged the above mentioned policy for a 10 Payment Life policy. The annual premium payment on the latter policy was $5,821. In exchanging his policy, as aforesaid, petitioner paid the Company the difference in the annual premiums *266 on the old and the new policies, $3,246, from the date of the policy to the date of the exchange, to which was added an amount denominated "interest" which was computed by the Company at a rate of six per cent on each year's premium difference, compounded to the date of the exchange. It was the practice of the Company to return such "interest" payments as their income. The records of the Company reflect no loans at any time on either of the above mentioned policies of petitioner. The petitioner was on a cash basis and deducted the foregoing "interest" payments in computing his income taxes for the calendar year 1940 under section 23 (b) of the Internal Code, 53 Stat., Part 1. [1] Respondent disallowed the deduction on the ground that the payment was not interest within the meaning of the cited statute, but was a part of the cost to petitioner of his insurance policy and therefore not deductible. Section 24 (a) (1) of the same Revenue Act. *267 Opinion Of course, though evidentiary, neither the policy of the Company nor its denomination of the payments in controversy control its character for present purposes. . The language of section 23 (b), supra, is clear and not ambiguous. It permits only the deduction of "interest of indebtedness". It does not permit the deductions of sums that may, for some purposes, be treated as interest or which are computed as interest is computed. See . The statutory meaning of the term is that given to it in the business world, and so means compensation for the use or forbearance of money. . This obviously presupposes here the prior existence of an absolute obligation to pay money together with compensation for the use of that money by the petitioner. . Here neither such requirement has been met. The uncontradicted testimony by petitioner's witness is that the records of the Company indicate *268 that no loan was ever made on either of petitioner's policies. Obviously, until December 10, 1940 when the policies were exchanged, petitioner was under no obligation to pay the Company any amounts in excess of the premiums already paid for the ordinary life policy. The obligation to pay the increased amounts did not arise until December 10, 1940 when petitioner bought the new policy by turning in his old policy and paying the agreed difference., The fact that the formula under which this additional cost of the new policy was computed included a hypothetical figure denominated and computed as interest can not and does not supply either of the absent premises upon which the statutory definition of "interest on indebtedness" must rest. ; . We agree with respondent. Together with the officer of the company who testified for the petitioner, we think the payments, the deduction of which is here contested, were merely additional costs to petitioner of his 10 Payment Life Insurance policy and as such are not *269 deductible. I.R.C. (53 Stat., Part 1), section 24 (a). ;; ; ; . The case of , reversing , upon which petitioner relies, does not seem to be in point. There the sale upon the consideration, for which the "interest" was computed, was held by the court to have occurred when the original contract was made. Such sale here did not occur until December 10, 1940, when petitioner actually bought his new policy. Decision will be entered under Rule 59. Footnotes
1. Internal Revenue Code (53 Stat., Part 1) Section 23 (b): SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (b) Interest. - ↩All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from the taxes imposed by this chapter.